IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| QUINDELLE RUSS, | ) | CRIMINAL NUMBER: 2:06-1290 |
| | ) | C/A NUMBER: 2:10-70239 DCN |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

The United States of America filed a response to petitioner's ("Russ") motion filed pursuant to Title 28, United States Code, Section 2255 and moved for Summary Judgment. A Roseboro order was sent to Petitioner who failed to respond to the Government's motion.

## I. BACKGROUND

On December 12, 2006, a four-count Indictment was filed against petitioner. On August 16, 2007, Russ signed a written plea agreement and pled guilty to Counts 1, 3, and 4. Count 1 charged petitioner with possession with intent to distribute and distribution of a quantity of cocaine base (commonly referred to as "crack" cocaine), a Schedule II controlled substance, in violation of Title 21, United States Code, Section(s) 841(a)(1) and 841(b)(1)(C). Count 3 charged Russ with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 924 (e)(1). Count 4 charged him with knowingly using and carrying firearms during a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The Government dismissed Count 2 as part of its plea agreement. Russ was sentenced on December 27, 2007, to a term of imprisonment of one hundred forty seven (147) months with a six year term of Supervised Release. A Judgment and Commitment Order

1

was filed on January 4, 2008.

Petitioner filed the instant motion on August 17, 2010.

## II. PETITIONER'S CLAIMS

Russ alleges that his counsel, Ann Briks Walsh, provided ineffective assistance of counsel. He specifically claims that Ms. Walsh counseled him to enter into a plea agreement under false pretenses and as such, allowed him to enter a plea of guilty to crimes and/or relevant conduct for which he was not responsible.

Additionally, he claims that the prosecution engaged in "vindictive behavior" in its prosecution because he was not present at the location when the firearm for which he was prosecuted was seized. He contends that the government "never associated the gun to the active employment of the petitioner's action as he was being 'detained' across town in a different location...".

## III. AEDPA STATUTE OF LIMITATIONS

The Government in its response to petitioner's claims asserts that petitioner's §2255 motion is time-barred. Prior to 1996, no time limitation existed as to a federal prisoner's ability to collaterally attack his conviction in a §2255 motion. See *United States v Torres*, 211 F.3d 836, 838 (4th Cir. 2000). This changed in 1996 with Congress' enactment of the Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"). AEDPA amended 28 U.S.C. §2255 to provide one-year limitations period for the filing of §2255 motions. Section 2255 provides that the period of limitation will begin to run upon, inter alia, "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255. Petitioner's conviction was not final until the ninety-day period for filing a petition for a writ of certiorari had expired. See *Clay*

*v United States*, 537 U.S. 522 (2003); and *United States v Quick*, 71 Fed. Appx. 975, 2003 WL 21958419 (4th Cir. 2003)(unpublished).

Petitioner's Judgment and Commitment Order was filed on January 4, 2008. Petitioner did not file his §2255 motion until August 17, 2010, which is clearly more than one year from the date upon which his conviction became final. Accordingly, petitioner's motion is procedurally time-barred and the Government's Motion for Summary Judgment must be **GRANTED**.

AND IT IS SO ORDERED.

_____
David C. Norton
United States District Judge

Charleston, South Carolina
December 15, 2010